UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MONALISA JOHNSON-CRADLE On Behalf of
Herself and All Others Similarly Situated,                         Case No.:


                        Plaintiffs,
                                                                   **COLLECTIVE AND CLASS**
                                                                   **ACTION**
          -vs.-                                                    **COMPLAINT**
                                                                   **WITH JURY DEMAND**

KPS AFFILIATES INC., PPB INC. d/b/a PRIME
PROTECTIVE BUREAU, and TERRY ENGLISH,

                        Defendants.
------------------------------------------------------------------X

Plaintiff MONALISA JOHNSON-CRADLE ("Ms. Johnson") on behalf of herself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against KPS AFFILIATES INC ("KPS Affiliates"), PPB INC. d/b/a PRIME PROTECTIVE BUREAU ("PPB") and TERRY ENGLISH ("English") (together "Defendants") allege upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.  This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (iv) the requirement that employers furnish employees with accurate wage statements on each

1

payday containing specific categories of information under the NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants, a security company, as security guards. Throughout Plaintiffs tenure, Defendants failed to pay Plaintiffs all of the overtime which they worked.

3. Further, throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL.

4. Also, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires.

5. Defendants paid and treated all of their security guards in a similar manner.

6. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

7. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

8. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

9. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

11. At all relevant times herein relevant, Plaintiff Johnson is a resident of the State of New York, and resides in Bronx County.

12. At all times herein relevant, Plaintiff Johnson was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

13. At all times herein relevant, Plaintiff Johnson was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

14. Upon information and belief, at all relevant times herein, KPS Affiliates was and is a domestic business corporation created under the laws of New York.

15. Upon information and belief, at all relevant times herein, KPS Affiliates has its principal place of business located at 1825 Park Avenue, Suite 606, New York, NY 10035.

16. At all relevant times herein, Defendant KPS Affiliates was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

17. Upon information and belief, for the calendar year 2019 the KPS Affiliates' gross receipts were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2020 the KPS Affiliates' gross receipts were not less than $500,000.00.

19. Upon information and belief, for the calendar year 2021 the KPS Affiliates' gross receipts were not less than $500,000.00.

20. Upon information and belief, for the calendar year 2022 the KPS Affiliates' gross receipts will not be less than $500,000.00.

21. Upon information and belief, at all relevant times herein, PPB was and is a domestic business corporation created under the laws of New York.

22. Upon information and belief, at all relevant times herein, PPB has its principal place of business located at 1600 Madison Ave, New York, NY 10029.

23. At all relevant times herein, Defendant PPB was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

24. Upon information and belief, for the calendar year 2019 the PPB's gross receipts were not less than $500,000.00.

25. Upon information and belief, for the calendar year 2020 the PPB's gross receipts were not less than $500,000.00.

26. Upon information and belief, for the calendar year 2021 the PPB's gross receipts were not less than $500,000.00.

27. Upon information and belief, for the calendar year 2022 the PPB's gross receipts will not be less than $500,000.00.

28. Upon information and belief, in January 2020, Defendants PPB and English bought the assets of KPS Affiliates.

29. Upon information and belief, Defendants PPB and English took over the liabilities of KPS Affiliates.

30. Upon information and belief, the assets and liabilities include, but are not limited to, KPS Affiliates' payroll.

31. Upon information and belief, PPB and English had notice of the overtime violations, prior to the acquisition and of the business or assets of KPS Affiliates.

32. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise.

33. Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

34. At all relevant times herein, Defendant English was and is a resident of the State of New Jersey.

35. At all relevant times herein, Defendant English has an actual place of business located at 1600 Madison Ave, New York, NY 10029.

36. At all relevant times herein, Defendant English was the president, and/or owner, and/or day-to-day overseer of PPB.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff seeks to bring this suit to recover from Defendants her full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the

FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt security guards, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

38. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

39. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

40. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on her own behalf, individually, as well on behalf of those who are similarly-situated who the Defendants subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

41. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and,

   e. A class action is superior to other methods of adjudication.

42. The Rule 23 Class that Plaintiff seeks to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as Security Guards, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

### Numerosity

43. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

44. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether Defendants paid

the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

45.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiff overtime.  Plaintiff and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid on a weekly basis, and to be furnished with accurate wage statements.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants'

failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

46. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. The Defendants did not pay Plaintiff overtime pay for all of the hours she worked over forty each week, did not pay Plaintiff for all the hours she worked and paid Plaintiff every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

47. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

48. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

49. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

50. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

51. Defendants own and operate a security guard company which provides security personnel for businesses throughout New York.

52. From six years prior to the commencement of this action Defendants employed security guards throughout New York State.

53. Upon information and belief, security guards are not required to have any formal education.

54. Ms. Johnson worked for Defendants from on or about December 1, 2020 until on or about February 12, 2021.

55. Throughout her employment, Ms. Johnson worked as a security guard. In that role, Ms. Johnson, like all security guards, controlled access to client premises, monitored client activity, enforced client policies, conducted patrols, monitored CCTVs, conducted security screens of clients, visitors and staff, and answered phones when necessary.

56. As employees of the Defendants, security guards, including Ms. Johnson was primarily responsible for performing manual tasks and physical labor.

57. Throughout the statutory time period, Plaintiff and other security guards regularly performed manual tasks during the majority of their hours worked. These tasks include, but are not limited to, standing and walking for long periods of time and making patrols around Defendants' facilities.

58. Therefore, Plaintiff and other security guards spent more than twenty-five percent of their hours worked performing manual tasks.

59. Throughout the statutory period to the present, Defendants paid Plaintiff and other security guards by check every two weeks.

60. As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

61. Throughout their employment, Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

62. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

63. By withholding the wages due and owing to the Plaintiff and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education, daycare or childcare, public transportation, and other basic living expenses.  Further, the earned wages were not available to Plaintiff and Class Members to invest and grow, save or accumulate interest.

64. Defendants' failure to timely pay wages earned caused Plaintiff and the Class Members to suffer the same or similar harms.

65. Defendants both treated and paid Ms. Johnson and the Class Members in a similar manner.

66. Throughout her employment, Defendants required Ms. Johnson to work five days per week, Sunday through Thursday, inclusive. Throughout this time period, Ms. Johnson was required to work – and did in fact work – from 12:00AM until 8:00AM.

67. Moreover, along with the schedule outlined above, two times per week, Ms. Johnson was required to work – and did in fact work – from 4:00PM until 12:00AM.

68. In an effort to minimize their overtime costs and skirt wage and hour laws, throughout their employment, Defendants failed to pay Plaintiff for all hours she worked.

69. Throughout her employment with the Defendants, Ms. Johnson was paid $15.50 per hour.

70. Throughout the statutory period, Defendant failed to compensate Ms. Johnson at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

71. Throughout the statutory period, Defendant paid Ms. Johnson every two weeks without providing her with accurate wage statements that reflected the number of hours that she worked.

72. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

73. Every hour that Plaintiff worked was for Defendants' benefit.

74. Defendants treated Rule 23 Plaintiffs in the manner described above.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

75. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

77. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

78. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

79. The Defendants willfully violated the FLSA.

80. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

81. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

82. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

83. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

84. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

85. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

86. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

87. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Wages*

88. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

89. From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

90. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

91. From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

92. Defendants' violations of the NYLL have been willful and intentional.

93. Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

94. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

95. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

96. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

97. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

98. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

99. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

      g.      Declaring Defendants' violations of the FLSA and NYLL were willful;

      h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      j.      Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

      k.      Awarding punitive damages;

      l.      Pre-judgment and post-judgment interest, as provided by law;

      m.      Awarding such other and further relief as available under the statues; and

      n.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       February 7, 2021

                                  Respectfully submitted,
                                  LAW OFFICES OF WILLIAM CAFARO

                                  _____
                                  By: Amit Kumar, Esq.

*Attorneys for the Named Plaintiff as Well as the Putative Class and Collective*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com